UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR-10-120 CAS | | Date | May 10, 2010 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| CATHERINE JEANG | LAURA ELIAS | JOHN LULEJIAN |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| | | | | Carlton Gunn | X | X | |
| Kenneth Ray Thomas | X | X | | Sonja Augustine | X | X | |

Proceedings:   **DEFENDANT KENNETH RAY THOMAS'S MOTION FOR INFORMANT DISCOVERY** (filed 4/9/10)

## I.    INTRODUCTION AND BACKGROUND

On February 5, 2010, the government filed an indictment charging defendant Kenneth Ray Thomas ("Thomas"), Aaron Trayvon Griffin, and Brian Miramontes with conspiracy to possess with intent to distribute cocaine pursuant to 21 U.S.C. § 846; conspiracy to interfere with commerce by robbery pursuant to 18 U.S.C. § 1951(a); carrying or using a firearm during or in relation to, or possession of a firearm in furtherance of, a drug trafficking crime and crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A); and three counts of "felon in possession of a firearm and ammunition" pursuant to 18 U.S.C. § 922(g)(1).

These charges arise from defendants' alleged conspiracy to steal a guarded shipment of cocaine. Indictment ¶¶ 1-5; Mot. at 1. The government alleges that on October 25, 2009, a confidential informant was pumping gasoline when he was approached by a man called "G-Rag" who asked him about his gang affiliation. Opp'n at 2 (citing Chung Decl. ¶ 4; Compl. at ¶ 7). The government further alleges that on October 28, 2009, Special Agent Sam Chung instructed the informant to return to the gas station. Id. (citing Chung Decl. ¶ 4; Compl. at ¶ 7). The government alleges that when the informant did so, Thomas, who identified himself as an associate of G-Rag, spoke with him. Id. The government alleges that subsequently, the informant introduced Thomas to undercover Special Agent Daniel Thompson ("Agent Thompson"), who recruited Thomas and his codefendants to commit the robbery. Opp'n at 4 (citing Chung Decl. ¶ 6; Compl. ¶ 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

However, Thomas argues that on October 28, 2009, he was first approached by the informant, who attempted to recruit him to help with a stash house robbery. Reply at 4. Thomas argues that he gave in to the recruiting after that initial meeting and several other unrecorded phone calls between them, in part because of his need for money as he was unemployed and his mother was dying of cancer, but that he had no history of committing such crimes. Id. Thus, Thomas argues that he had already been entrapped by the informant by the time he was introduced to Agent Thompson. Id. at 5.

Thomas asserts that he requested Brady and Giglio information regarding witnesses such as the confidential informant, but that the government responded by providing discovery that included no information regarding the informant. Mot. at 3. Therefore, Thomas filed the instant motion for informant discovery on April 9, 2010. The government filed an opposition thereto on April 22, 2010. Thomas filed a reply on April 30, 2010. A hearing was held on May 10, 2010. The Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Privilege to Withhold Informant's Identity

The government has a limited privilege to withhold an informant's identity when he or she is not testifying at trial. Rovario v. United States, 353 U.S. 53, 59-61 (1957). This privilege "serves several important law enforcement objectives, including encouraging citizens to supply the government with information concerning crimes." United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000). The main factors that courts are to consider in deciding whether to require the disclosure of an informant's identity despite this limited privilege are (1) whether the informant's testimony would be "relevant and helpful" to the defendant's case, "especially in terms of the relationship between the asserted defenses and the likely testimony of the informant" and (2) the government's interest in protecting the safety of an informant. United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir. 1989). To obtain disclosure, a defendant bears the burden of showing more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to his defense or "essential to a fair determination of a cause." Rovario, 353 U.S. at 59-61; Henderson, 241 F.3d at 645. A district court must hold an in camera hearing if the defendant makes a "minimal threshold showing" that disclosure would be relevant to at least one defense. Sai Keung Wong, 886 F.2d at 256.

### B.   Defense of Entrapment

The defense of entrapment has two elements: "(1) government inducement to commit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

crime; and (2) the absence of predisposition to commit the crime." United States v. Collins, 551 F.3d 914, 923 n.5 (9th Cir. 2009). The defense of entrapment fails "[i]f the defendant is predisposed to commit the crime." United States v. Williams, 547 F.3d 1187, 1198 (9th Cir. 2008). To determine predisposition, the Court must look to five factors: "(1) the character or reputation of the defendant, including any prior criminal record; (2) whether the government initially made the suggestion of criminal activity; (3) whether the defendant engaged in the criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense that was overcome by repeated government inducement or persuasion; and (5) the nature of the inducement or persuasion supplied by the government." Id. "[T]he defendant's reluctance to engage in criminal activity is the most important." Id.

### III.  DISCUSSION

Defendant argues that the government should be ordered to disclose the identity of the informant, because his *sole* defense is entrapment and the ultimate criminal conduct is uncontested. Mot. at 4; Reply at 9. Thus, defendant asserts that information regarding the informant's motivations and credibility is vital to show that defendant was not predisposed to commit the crime prior to the initial contacts by the government. Mot. at 4. Defendant argues that the reason he seemed enthusiastic about committing the robbery during the later recorded contacts with the government agent is that the informant had already entrapped him into committing the robbery during the initial contacts between defendant and the informant alone which were not recorded. Id. To support this argument, defendant argues that he needs to present both evidence of what the informant said to him to entrap him, and evidence of the informant's motivation to entrap him. Id. Defendant further argues that he requires the informant's identity to conduct an independent investigation of the informant and because the defense may call the informant as a witness to question him directly about the facts that would give him a motive to entrap defendant. Id. Defendant contends that the government must disclose impeachment material including the informant's prior criminal record; specific details regarding all benefits of any sort which have been provided to the informant; all known occasions on which the informant has made false statements to any person; and evidence of prior drug use. Id. at 6-9. Defendant asserts that the prosecutor should be ordered to collect this information from all law enforcement agents and all other prosecutors who have used the informant. Id. at 9. Finally, defendant argues that the Court should order the government to provide a list of all cases on which the informant has worked, because such information is necessary for an independent defense investigation. Id. at 10 (citing United States v. Abonce-Barrera, 257 F.3d 959 (9th Cir. 2001) (holding that disclosure of such a list was not required)).

The government responds that defendant has failed to meet his burden of showing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

disclosure of the informant's identity would be relevant and helpful to his defense, and even if he could meet his burden he cannot overcome the government's significant interest in protecting the informant's safety. Opp'n at 7. The government argues that the informant was not involved in the charged criminal activity, but instead his only role was to gather information about persons who may be involved in criminal activity, to speak only in general terms about potential robberies, and to introduce defendant to Special Agent Daniel Thompson. Id. at 9. The government argues that the only non-recorded conversations between defendant and the informant were those that occurred on October 25, 2009, and October 28, 2009, and that on October 25th, there were a number of other persons present besides the informant and defendant. Id. at 10. The government further argues that defendant has offered no evidence that the government induced him to commit any of the charged crimes, nor to show that he was not predisposed to commit the charged crimes. Id. at 12-15 (citing United States v. Gonzales, 606 F.2d 70, 75 (5th Cir. 1979)). Moreover, the government asserts that the informant has helped convict over forty defendants who are primarily gang members, and thus the gangs would be willing to retaliate against the informant and his family because of his cooperation with law enforcement if his identity were to become known. Id. at 16. Finally, the government asserts that should the Court disagree with the government's position and require it to produce discovery pertaining to the informant, the government will comply with the Court's instructions and thus a detailed order such as those proposed by defendant is not necessary. Id. at 17. Should the Court order discovery, the government instead proposes that the parties meet and confer, and then if the defense believes that it is entitled to additional information after receiving the government's supplemental production, the two sides would prepare a joint stipulation to that effect. Id.

Defendant replies that his right to present a complete defense, which derives from the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment is implicated here. Reply at 7 (citing Crane v. Kentucky, 476 U.S. 683, 690 (1986)). Defendant further asserts that the government's argument "is premised on several assertions by the confidential informant that are lies." Id. at 4. Defendant instead asserts that he was desperate for money because he was unemployed and his mother was dying of cancer, and that the informant approached him at the gas station on October 28, 2009, and thereafter recruited him to help with a stash house robbery.[1] Id. Defendant asserts that he gave in to the recruiting after that initial meeting and several other unrecorded phone calls between them, in

---

[1] Defendant asserts that he was not present on October 25, 2009, when the informant met with G-Rag. Reply at 4.

part because of his need for money, but that he had no history of committing such crimes.[2] Id. Defendant further cites to a number of cases to show that the standards for disclosure are satisfied here, because defendant's sole defense is entrapment. Id. at 9-14 (citing Velarde-Villarreal v. United States, 354 F.2d 9, 11-12 (9th Cir. 1965) (holding that production of the informant was required if the government could have produced him, because the defendant "testified that he had been solicited by [the informant] to make a sale of the heroin"); Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968) (holding that disclosure of the confidential informant was required when the informant's "participation [by arranging a meeting between the government agent and defendant] was sufficient to raise the issue of entrapment"); United States v. Miramon, 443 F.2d 361 (9th Cir. 1971) (holding that an informant's identity should have been disclosed because the defense was entrapment).

It appears that the informant was the only percipient witness to the initial unrecorded conversation between him and defendant on October 28, 2009, as well as to other alleged unrecorded phone calls prior to the recorded contacts between defendant and the government agent. However, the Court finds that defendant must first establish the "minimal threshold showing that disclosure of the identity of the informant would be relevant to [the defense of entrapment]" to justify an *in camera* hearing. United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993). If the defendant makes this "minimal threshold showing," the Court will then hold an *in camera* hearing with the informant. See id. ("Where a defendant makes a showing that identification of the government's confidential informant may be relevant and helpful to a possible defense at trial, a district court abuses its discretion if it fails to hold an *in camera* hearing on disclosure.").

## III. CONCLUSION

In accordance with the foregoing, the Court hereby orders the following. First, a hearing shall be held on May 18, 2010, at 2:30pm, wherein defendant shall have the opportunity to make a minimal threshold showing that identification of the government's confidential informant would be relevant and helpful to a defense of entrapment at trial. Second, if the Court determines that defendant has established the required threshold showing, a subsequent *in camera* hearing shall be held with no counsel present, wherein both Special Agent Chung and the informant shall testify. Finally, the Court will address discovery materials after it

---

[2] The defense asserts that defendant's only prior conviction consisted of one conviction for sale of a small amount of marijuana for which he received and completed probation after a very short term in the county jail. Reply at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

determines whether defendant has made the aforementioned threshold showing of entrapment, and after it determines whether the information may be relevant and helpful to an entrapment defense at trial.

IT IS SO ORDERED.

|   |   |   |
|---|---|---|
| 00 | : | 19 |

Initials of Deputy Clerk      CMJ